HELEN J. WRIGHT, Respondent, v. WALTER S. CHURCH,
Appellant.

In an action for malicious prosecution, it appeared that a writ of possession
having been issued to the sheriff upon a judgment in an action of eject-
ment brought by defendant against N.; that officer, on going to the
premises to execute the writ, found plaintiff in possession, claiming title
under a deed from a third person, she making no claim under N., and,
upon affidavit that she made threats to use violence in resisting the execu-
tion of the writ, defendant made application for and obtained a warrant
for her arrest under the Code of Criminal Procedure (§§ 84, 90), for the
purpose of obtaining surety of the peace. Defendant offered to show
that there was no consideration for the deed under which plaintiff
claimed, "but that it was a mere scheme or device to defeat the execu-
tion." The evidence was excluded. *Held*, no error.
Defendant also offered to prove that there had been frequently, and within
a brief period before the occurrence in question, in that section of the
country, resistance to the execution of similar writs on the part of those
in possession, both men and women, under claim of some superior title,
and that such resistance had been carried to the point of killing the
officers who were executing the writs. This evidence was excluded.
*Held*, no error.

(Argued June 26, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made January 26, 1886, which affirmed a judgment in favor
of plaintiff, entered upon the report of a referee.

This was an action for malicious prosecution. The evi-
dence and findings of the referee disclose the following
facts:

The defendant was assignee of a judgment in ejectment
recovered in 1865, on a lease in fee for non-payment of rent,
in which judgment Caleb Nelson was defendant. In Feb-
ruary, 1883, an order was granted on the application of
defendant, giving him leave to issue a writ of possession
thereon. Such writ was issued and placed in the hands of
a deputy sheriff to be executed. Thereupon and on May 7,
1883, defendant, with the deputy sheriff, went to the premises,

found the plaintiff in possession, claiming under title hostile to defendant's right, and when informed of their purpose to take possession under the writ, she objected to its execution, and denied that her possession was in any way subservient thereto. An altercation between defendant and the plaintiff, and some of her friends who were present, ensued. The plaintiff denied his right to dispossess her under the writ, and declared her purpose to make resistance if that was attempted. On May ninth defendant made complaint, on oath, before a justice of the peace, charging that the plaintiff threatened to commit an offense against the person of Chamberlain " to wit, to kill, hurt or maim " him, and to do him great bodily harm, and that he had great cause to fear that she would carry such threats into effect. On this complaint he procured a warrant from the justice against the plaintiff and caused her arrest thereunder. She was under arrest several days when the proceeding ended by her discharge. Among other findings of the referee he found that the only threat made by the plaintiff was that of resistance against the execution of the writ against Nelson, and from that threat there was no probable reason to apprehend a breach of the peace or a violation of law; and, further, that the complaint made by the defendant against the plaintiff, and the proceeding of the warrant thereon and her arrest and detention thereunder, was willful and malicious and without probable cause.

The further material facts are stated in the opinion.

*S. W. Rosendale* for appellant. The referee erred in finding that there was malice and want of probable cause, both of which must exist before recovery can be had. (Moak's Underhill on Torts, 163, rule 5.) What amounts to probable cause in this action is a question of law. (*Stewart* v. *Sonneborne*, 98 U. S. 187; *Fagnan* v. *Knox*, 66 N. Y. 525; *Thaule* v. *Krekeler*, 81 id. 428.) Mrs. Nelson herself would have been estopped to deny, as against appellant, Church, her husband's possession. (*Finnegan* v. *Carraher*, 47 N. Y. 493.) The proof being clear that appellant acted in this matter, fully

believing in the correctness of his position, and in the strength of his title, and in his entire right to execute that writ, the plaintiff cannot recover. (*Hope* v. *Evered*, 55 L. T. [N. S.] 320; *Stewart* v. *Sonneborne*, 98 U. S. 187; *Fagnan* v. *Knox*, 66 N. Y. 525; *Mosher* v. *Iddings*, 34 N. W. Rep. [Iowa] 328; *Thaule* v. *Krekeler*, 81 N. Y. 428.) The burden is on the plaintiff to show absence of probable cause, and the existence of malice. (*Abeath* v. *N. E. Ry. Co.*, L. R., 11 Q. B. Div. 440; *Thaule* v. *Krekeler*, 81 N. Y. 428, 433, 434.) The prosecutor's belief, upon reasonable grounds, in the guilt of the accused, is a defense. (*Foshay* v. *Ferguson*, 2 Denio, 617; *Burlingame* v. *Burlingame*, 8 Cow. 141; *Fagnan* v. *Knox*, 66 N. Y. 528; *Abeath* v. *N. E. Ry. Co.*, L. R., 11 Q. B. Div. 440.)

*William Youmans* for respondent. The defendant and Chamberlain, on the 7th day of May 1883, were trespassers upon the lands of the plaintiff, and she had the right, and it was her duty, to defend her property and premises from the unlawful entry of the defendant. (*Parsons* v. *Brown*, 15 Barb. 590; *Gyre* v. *Culver*, 47 id. 592; *Sage* v. *Harpending*, 49 id. 166–175; *S. C.*, 34 How. 1.) The judgment recovered by Kidd and Cagger against Caleb Nelson, June 27, 1865, gave defendant no right to interfere with the property, it was only conclusive against Caleb Nelson and those claiming under him. (2 R. S. 309, §§ 37, 38; Code Civ. Pro. §§ 1524, 1526.) The plaintiff having been prosecuted by the defendant, and the prosecution having terminated in plaintiff's favor, it was willful, malicious and without probable cause. (*Laird* v. *Taylor*, 66 Barb. 138–142; *Vanderbilt* v. *Mattis*, 5 Duer, 304; *Foshay* v. *Ferguson*, 2 Denio, 617; *Miller* v. *Milligan*, 48 Barb. 36; *Besson* v. *Southard*, 10 N. Y. 236; *Heyne* v. *Blair*, 62 id. 19; *Thaule* v. *Krekeler*, 81 id. 428.) Malice follows want of probable cause. (*Purcell* v. *McNamara*, 9 East, 361, 363; *Buckley* v. *Smith*, 2 Duer, 271.) Malice is a question of fact, which, when the case turns upon it, must

be decided by the jury. (*Vanderbilt* v. *Mattis*, 5 Duer, 304, 309; *Masten* v. *Deyo*, 2 Wend. 424, 429; *Miller* v. *Milligan*, 48 Barb. 30, 31, 36, 45; *Carl* v. *Ayers*, 53 N. Y. 14, 17; *Heyne* v. *Blair*, 62 id. 19.) The expenses incurred by plaintiff in her defense, employment of counsel, loss of time, and injury to her reputation and character, and all the evidence, in the case fully warrants the judgment rendered by the referee. (*Sheldon* v. *Carpenter*, 4 N. Y. 579, 580; 1 Trans. App. 279, 280; *Rockwell* v. *Brown*, 36 N. Y. 209.) The plaintiff had the right to make any threat that she would protect herself or property against any unlawful invasion of the defendant or his deputy, without being liable to an arrest. (*Gyre* v. *Culver*, 47 Barb. 592; *Parsons* v. *Brown*, 15 id. 590; Code of Civ. Pro. § 80.) Resistance sufficient to prevent the crime may be made by the party about to be injured. *Coery* v. *People*, 45 Barb. 262; *Wood* v. *Phillips*, 43 N. Y. 152; 6 Barb. 607; *Gyre* v. *Culver*, 47 id. 592.)

DANFORTH, J. Upon the record in this case nothing more favorable to the appellant can be said than that a report by the referee, in his favor, might have been sustained, upon the ground that such finding would not have been entirely unsupported by evidence. On the other hand the report against him, and the finding that " the complaint, warrant and arrest of the plaintiff thereunder, were willful, malicious, illegal and without probable cause," stands upon testimony properly received, credible to the referee, and satisfactory to the General Term. It is sufficiently referred to in the opinions of the learned judges of that court, and our own examination of the case justifies, and enables us to concur in, that conclusion. It is said, however, by the learned counsel for the appellant that evidence offered or called for by the defendant was improperly excluded:

(1.) The plaintiff claimed to be in possession of the premises in question under a deed which had been put in evidence, and one Boomhower, a witness for plaintiff, being under cross-examination, was asked, " What was paid for that deed? "

the defendant's counsel at the same time offering to show that there "was no consideration for it, and that it was a mere scheme or device to defeat the execution for the possession of the farm." The execution referred to recited a judgment of June, 1865, against one Caleb Nelson for the possession of the premises, and no other person. It was issued to the sheriff May 5, 1883. The plaintiff's title was under a deed from Mephibosheth Nelson and Martha Nelson to Hannah Nelson, of April 2, 1860, and from Hannah Nelson to Helen J. Wright, the plaintiff, in April, 1883. This is the deed referred to in the question. The grantee was in possession of the premises; she made no claim even under the judgment-debtor, and we see no ground upon which, in this action, the inquiry could be relevant or justifiable.

(2.) The defendant, while on the stand as a witness in his own behalf, was asked by his counsel: "Had there been occasions frequently before this occurrence, and in that section of the country, in the process of enforcing writs in what is commonly known as anti-rent proceedings, for resistance to be offered against the enforcement of such writs on the part of those in possession of the premises, including both women and men, under claim of some superior title to that which was to be enforced in the writ, and were you familiar with such facts and had you been present yourself when such resistance had been offered; and had such occurrences taken place within a brief period of the occurrence in question; and had such resistance been carried to the point of killing the officers in the execution of the writs?" And this being excluded, " offered to show all the facts embraced in the affirmative part of that question."

To each ruling there was an exception, and it is now relied upon. No reason is assigned in support of it, and none is perceived. The defendant went upon the plaintiff's premises with no process against her, and was informed that she had the title under Hannah Nelson, and, as the referee finds, " the defendant thereupon, in a violent and threatening manner, informed the plaintiff, while in her house and upon her prem-

ises, that he would throw her out of said house and premises, under said writ of possession on the next day; in reply to which the plaintiff informed the defendant that if he attempted to remove her under the writ of possession against Caleb Nelson, there would be trouble." Of what materiality was it that upon other occasions there had been resistance and trouble? As against the plaintiff the defendant had no writ, and as against that which he had and the assault which he threatened, she might make lawful resistance. The unfortunate state of affairs to which the question alludes seems wholly foreign from the defendant's case in this action. If he believed there was from this plaintiff danger of an assault, he must also have known that it could only happen upon his own instigation, and that unless he or his agent trespassed, both were safe from interference.

The referee finds: "That on learning that the plaintiff was lawfully in the possession of the premises, he knew, as matter of fact, and was bound to know as matter of law, that he could not remove the plaintiff therefrom under said writ or execution for possession against Caleb Nelson. That the only threat made by the plaintiff was that of resistance against the execution of the writ against Nelson, and from that threat there was no probable reason to apprehend a breach of the peace or a violation of law." There is no view of the evidence which requires any other conclusion, or which tends to show that the facts suggested by the question, if they existed, could have had any material or just operation upon the defendant's mind. As against the plaintiff he had, so far as the record shows, no right, and, neither for himself nor the sheriff in whose favor the arrest appears to have been made, any cause for apprehension.

We think the judgment should be affirmed.

All concur, except PECKHAM, J., not sitting

Judgment affirmed.